Eastern District of Kentucky
FILED
OCT 2 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-628-GWU

GARY DUNAGAN,                      PLAINTIFF,

VS.            **MEMORANDUM OPINION**

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

### INTRODUCTION

The above-styled action is an appeal from an unfavorable administrative decision on the plaintiff's claim for Supplemental Security Income under the Social Security Act. The Secretary has moved to dismiss the action, on the ground that this appeal to the federal courts was not filed within the requisite sixty-day period required by 42 U.S.C. Section 405(g).

### APPLICABLE LAW

An applicant for Social Security disability benefits must file a civil action in the district court within sixty days after the decision denying benefits is mailed to him as per Section 405(g). The Commissioner has interpreted "mailing" as the date of the claimant's receipt of the decision and, according to 20 C.F.R. Section 422.210(e), the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a "reasonable showing" to the contrary.

In the absence of arguments alleging an erroneous calculation of the sixty-day period, a plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period.

1

In Bowen v. City of New York, 476 U.S. 467 (1986), it was determined that the sixty-day period could be tolled by equitable considerations. Bowen, 476 U.S. at 480. Such circumstances, described by the Court in a footnote, could include illness, accident, destruction of records, mistake or a claimant's misunderstanding of the appeals process. Id. at n. 12.

Courts have found "equitable circumstances" which could justify the tolling of the appeal period in Social Security cases to include situations:

> (1) Where a clandestine agency policy or procedure has a direct impact on the appeal procedure, or the ability to make a meaningful decision to appeal, to the federal courts--e.g., Bowen v. City of New York, 476 U.S. at 481; Bailey v. Sullivan, 906 F.2d 910 (2nd Cir. 1990);
>
> (2) Where confusion over the status of a claim or the appeal procedure itself, on the part of either a claimant or his representative, is reasonably traceable to some affirmative misconduct (or omission in the fact of a direct, diligent inquiry regarding appeal) on the part of the agency or its representatives--e.g., Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987); Aschettino v. Sullivan, 724 F. Supp. 1116 (W.D. N.Y. 1989); or
>
> (3) In the case of a claimant unaccompanied by counsel, where there exists a mental impairment of sufficient magnitude to cast doubt on his ability to understand the appeals process--e.g., Canales v. Sullivan, 936 F.2d 755 (2nd Cir. 1991).

In any of these instances, the shorter the time lapse and the more diligent the conduct on the part of the claimant or his attorney, the more easily a court may find justification for the tolling.

The Sixth Circuit Court of Appeals has identified several specific instances of what justify tolling the limitations period under Section 405. In the case of Day v. Shalala, 23 F.3d 1052 (6th Cir. 1994), the Sixth Circuit merely held that a particular

2

unpublished--but not clandestine or secretive--policy would not present an instance of equitable tolling.[1]

## DISCUSSION

The plaintiff first argues that the defendant had failed to file an answer and further plead the statute of limitations as a defense and, thus, waived the defense; no supportive citations are given, however. Although a statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint. Velez v. City of New London, 903 F.Supp. 286 (D.Conn. 1995). However, the dates of Appeals Council action were not mentioned in this complaint. Here, the defendant has raised the affirmative defense as soon as practicable, in a combined motion to dismiss or, alternatively, for summary judgment and, absent prejudice to the plaintiff's ability to respond, this is appropriate. See Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d. 1439 (6th Cir. 1993). Since the plaintiff was given sufficient notice of the defense in the combined motion, requiring the defendant to file an answer at this point would be a meaningless formality.

The plaintiff next argues that the facts justify equitable estoppel.

As noted in Reed v. Barnhart, 2005 W.L. 757862 (D. Me 2005):

> Courts have differed on the question whether [even] affidavits from the claimant and his or her representative stating a date of receipt beyond the five days presumed by the regulation are sufficient to overcome

---

[1] A series of unpublished opinions have furnished further guidelines from the Sixth Circuit. E.g., the simple negligence of a prior attorney does not provide equitable circumstances. Harveston v. Commissioner, 2000 W.L. 554087 (6th Cir. 2000).

3

the presumption. Compare Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (claimant's sworn word that he did not receive notice insufficient to rebut presumption); Roberts v. Shalala, 848 F.Supp. 1008, 1015-17 (M.D.Ga.1994) (affidavit of attorney's receptionist insufficient); Leslie v. Bowen, 695 F.Supp. 504, 506 (D.Kan.1988) (claimant's affidavit insufficient); Solberg v. Secretary of Dep't of Health & Human Servs., 583 F.Supp. 1095, 1098 (E.D.Wis.1984) (statements of claimant and father insufficient); Rouse v. Harris, 482 F.Supp. 766, 768-69 (D.N.J.1980) (plaintiff's assertion insufficient), with Bartolomie v. Heckler, 597 F.Supp. 1113, 1116 (N.D.N.Y.1984) (fact that lawyer did not receive notice sufficient to rebut presumption).

Here, no affidavits from the plaintiff were filed, no reasoning other than representative neglect was cited, or any other factor which would constitute a reasonable showing in this regard.

The appeal will be dismissed.

This the __20__ day of October, 2006.

G. WIX UNTHANK,
SENIOR JUDGE

4